

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

06 SEP 29 PH 12: 19

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
                                )    CIVIL ACTION NO.
        Plaintiff, )    **1:06 CV 645**
                                  )                             SPIEGEL, J.
      v. )
                                  )    COMPLAINT       J. BLACK
SARA LEE CORPORATION, )
                                  )    JURY TRIAL DEMAND
        Defendant. )
                                    )

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963, the Age Discrimination in

Employment Act, Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of

1991, and Titles I and V of the Americans with Disabilities Act of 1990 to correct an unlawful

employment practice on the basis of retaliation and to provide appropriate relief to Ava Smith-

Thompson and a class of employees required to waive their right to file an EEOC charge as a

condition to receive severance or other pay. The Commission alleges that the Defendant engaged

in retaliatory practices by requiring Ava Smith-Thompson and a class of employees throughout

its organization to waive their right to file an EEOC charge as a condition to receive severance or

other pay, in violation of the Equal Pay Act, the Age Discrimination in Employment Act, Title

VII of the Civil Rights Act, and the Americans with Disabilities Act.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343, and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the

Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to

enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d); Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended (the "ADEA"), 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and 17 of the FLSA; Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3); and Section 107(a) of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII. This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Ohio, Western Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of the Equal Pay Act, the ADEA, Title VII, and Titles I and V of the ADA, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705; by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5 (f) (1) and (3); and by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3), 42 U.S.C. § 2000e-5(f)(1) and (3).

2

4.     At all relevant times, Defendant Sara Lee Corporation (the "Employer") has continuously been a Maryland corporation, doing business in the State of Ohio and the City of Cincinnati, and has continuously had at least 20 employees.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h); Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h); and Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.     At all relevant times, Defendant Employer has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7.     At all relevant times, Defendant Employer has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i), and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i), and (j), and has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

8.     At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

3

## CONCILIATION

9.      Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practice alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

10.     More than thirty days prior to the institution of this lawsuit, Ava Smith-Thompson filed a charge with the Commission alleging violations of Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

11.     Since at least June 16, 2005, Defendant Employer has engaged in unlawful employment practices at its Cincinnati, Ohio, facility, in violation of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3); Section 4(d) of the ADEA, 29 U.S.C. § 623(d); Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a); and Section 503 of Title V of the ADA, 42 U.S.C. § 12203. Defendant Employer has subjected Ava Smith-Thompson and a class of employees, located throughout its facilities, to retaliatory practices by requiring them to waive their right to file an EEOC charge as a condition to receive severance or other pay.

12.     As a result of the acts complained of above, Defendant Employer unlawfully has withheld and is continuing to withhold the payment of wages due to Ava Smith-Thompson and a class of employees who have been required to waive their right to file an EEOC charge as a condition to receive severance or other pay.

13.     The effect of the practices complained of in paragraph 11 above has been to deprive Ava Smith-Thompson and a class of employees (who have been required to waive their

4

right to file an EEOC charge as a condition to receive severance or other pay) of equal employment opportunities and otherwise adversely affect their status as employees, because of retaliation.

14.     The unlawful employment practices complained of in paragraph 11 above were and are willful within the meaning of Section 7(b) of the ADEA.

15.     The unlawful employment practices complained of in paragraph 11 above were and are intentional.

16.     The unlawful employment practices complained of in paragraph 11 above were and are done with malice or with reckless indifference to the federally protected rights of Ava Smith-Thompson and a class of employees who have been required to waive their right to file an EEOC charge as a condition to receive severance or other pay.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from any retaliatory employment practices, including requiring employees to waive their right to file an EEOC charge as a condition to receive severance pay.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who have filed charges of discrimination, and which eradicate the effects of its past and present unlawful employment practices.

5

C.     Order Defendant Employers to make whole Ava Smith-Thompson and a class of employees who have been required to waive their right to file an EEOC charge as a condition to receive severance or other pay by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to delivery of non-retaliatory release agreements to the individuals with an opportunity to file an EEOC charge.

D.     Grant a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, and an equal sum as liquidated damages, or prejudgment interest in lieu thereof, to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to Ava Smith-Thompson and a class of employees who have been required to waive their right to file an EEOC charge as a condition to receive severance or other pay.

E.     Order Defendant Employer to make whole Ava Smith-Thompson and a class of employees (who have been required to waive their right to file an EEOC charge as a condition to receive severance or other pay) by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 11 above, including but not limited to out of pocket expenses, plus prejudgment interest, in amounts to be determined at trial.

F.     Order Defendant Employer to make whole Ava Smith-Thompson and a class of employees (who have been required to waive their right to file an EEOC charge as a condition to receive severance or other pay) by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 11 above,

6

including but not limited to physical and emotional pain and suffering, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

        G.      Order Defendant Employer to pay Ava Smith-Thompson and a class of employees (who have been required to waive their right to file an EEOC charge as a condition to receive severance or other pay) punitive damages for its malicious and reckless conduct described in paragraph 11 above, in amounts to be determined at trial.

        H.      Grant such further relief as the Court deems necessary and proper in the public interest.

        I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

LAURIE A. YOUNG, #1480-49
Regional Attorney

MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

7

*Kenneth L Bird*

KENNETH L. BIRD, #10780-02
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Indianapolis District Office
101 West Ohio Street, Suite 1900
Indianapolis IN 46204-4203
Phone: (317) 226-7204
Fax: (317) 226-5571
Email: Kenneth.Bird@eeoc.gov

8